IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                  No. CIV 09-0423 MCA/DJS
                                                                       CR 06-2229 MCA

ALBERTO MARCHAND-MARTINEZ,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Motion For Sentence Adjustment (CV Doc. 1; CR Doc. 88). Defendant was convicted by this Court in 2007, and the Court of Appeals for the Tenth Circuit affirmed his conviction on April 22, 2008. *See United States v. Marchand-Martinez*, 274 F. App'x 728, 730 (10th Cir. 2008). He is currently confined in Texas. Defendant alleges that, because of his status as a deportable alien, he is ineligible for certain pre-release custody programs. He argues that this Court's failure to reduce his sentence based on deportability resulted in a "longer period on imprisonment under more severe conditions that would apply to a UNITED STATES CITIZEN convicted of the same offense." Petitioner contends that his sentence should be reduced accordingly. The Court will deny the motion.

      First, to the extent Defendant seeks relief against the execution of his sentence, he must pursue his claims in a petition under 28 U.S.C. § 2241. *See, e.g., McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1996). And because Defendant is confined in Texas, his § 2241 petition may be filed only in that district. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). In this circumstance, the Court must determine whether it is in the interest of justice to transfer the petition to the district of Defendant's confinement or deny it without prejudice. *See* 28

U.S.C. § 1631; *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (delineating factors for determining whether to transfer or dismiss).

The motion will be denied rather than transferred because, under Tenth Circuit precedent, Defendant's allegations provide no support for his claim.

> [Defendant's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed . . . .
> . . . .
>      . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 814, 816 (10th Cir. 2006) (internal citations omitted). Under the reasoning in *Tamayo*, no relief is available on Petitioner's claim against the execution of his sentence. The Court may properly decline to transfer a motion that is not likely to have merit or is not filed in good faith. *See Trujillo*, 465 F.3d at 1223 n.16. On the basis of the Tenth Circuit's statements in *Tamayo*, the Court finds that Petitioner's § 2241 petition would likely not have merit. Defendant's motion will be denied rather than transferred to the district of his confinement.

Second, to the extent that Defendant's motion attacks the sentence imposed by this Court, the applicable statute bars relief on his allegations. The terms of 28 U.S.C. § 2255 provide the exclusive avenue for attacking a federal criminal conviction or sentence, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus"), and Defendant's pro se characterization of his claim is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).

The gravamen of Defendant's motion is that his sentence violates the Equal Protection

Clause.  This claim is expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States."  § 2255(a).  In light of the Tenth Circuit's view of a similar equal protection claim based on deportability in *Tamayo*, 162 F. App'x at 814, 816, the Court declines to recharacterize the instant motion as a motion under § 2255.  *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005).  Under applicable case law, the dispositive dates in Defendant's criminal case indicate that he still has time to file a § 2255 motion, *see Clay v. United States*, 537 U.S. 522, 525 (2003), and the Court will deny the instant motion.

IT IS THEREFORE ORDERED that, to the extent that Defendant seeks modification of his sentence, his Motion For Sentence Adjustment (CV Doc. 1; CR Doc. 88) is DENIED without prejudice to his right to file a § 2255 motion; otherwise the motion is DENIED without prejudice to Defendant's right to seek relief under 28 U.S.C. § 2241 in the district where he is confined; and this civil proceeding is DISMISSED.

SO ORDERED this 18th  day of May, 2009.

_____
M. CHRISTINA ARMIJO
United States District Judge